IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tyrone Brunson<br>　　　　　Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　Movant<br>vs. | NO. 16-16704 SR |
| Tyrone Brunson<br>　　　　　Debtor | |
| Frederick L. Reigle<br>　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and as of April 5, 2017, Debtor(s) is/are current on post-petition loan payments through April 2017, with $5.79 (5 dollars and 79 cents) held by Movant in suspense on said date.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due May 28, 2017 in the amount of $289.47.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall thereupon enter an Order granting the Movant immediate relief from the automatic stay, waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

8. The parties agree that a facsimile signature on this document shall be considered an original signature.

Date: May 5, 2017         By:    /s/ Matteo S. Weiner, Esquire
                                 Matteo S. Weiner, Esquire
                                 KML Law Group, P.C.
                                 701 Market Street, Suite 5000
                                 Philadelphia, PA 19106-1532
                                 (215) 627-1322; FAX (215) 627-7734
                                 Attorneys for Debtor

Date: 5/9/17
                                 Brad J. Sadek, Esquire
                                 Attorney for Debtor

Approved by the Court this 25th day of May, 2017. However, the court retains discretion regarding entry of any further order.

                                 Bankruptcy Judge
                                 Stephen Raslavich

Date: 5/22/17
                                 Frederick L. Reigle
                                 Chapter 13 Trustee