United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Tyrone Brunson
          Debtor

Case No. 16-16704-sr
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: ChrissyW          Page 1 of 1          Date Rcvd: May 31, 2017
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 02, 2017.
db          +Tyrone Brunson,    220 Blanchard Road,    Drexel Hill, PA 19026-2807

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 02, 2017                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 31, 2017 at the address(es) listed below:
          BRAD J. SADEK    on behalf of Debtor Tyrone  Brunson brad@sadeklaw.com
          DENISE ELIZABETH CARLON    on behalf of Creditor    Toyota Motor Credit Corporation
           bkgroup@kmllawgroup.com
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,  ecf_frpa@trustee13.com
          JEROME B. BLANK    on behalf of Creditor    Specialized Loan Servicing LLC paeb@fedphe.com
          MARIO J. HANYON    on behalf of Creditor    JPMorgan Chase Bank, National Association
           paeb@fedphe.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Motor Credit Corporation
           bkgroup@kmllawgroup.com
          POLLY A. LANGDON     on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          THOMAS YOUNG.HAE SONG    on behalf of Creditor    Specialized Loan Servicing LLC pa.bkecf@fedphe.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                        TOTAL: 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tyrone Brunson <br> _____Debtor_____ | CHAPTER 13 |
| Toyota Motor Credit Corporation <br> _____Movant_____ <br> vs. | NO. 16-16704 SR |
| Tyrone Brunson <br> _____Debtor_____ | |
| Frederick L. Reigle <br> _____Trustee_____ | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.       The post-petition arrearages referenced in the motion have been cured, and as of April 5, 2017, Debtor(s) is/are current on post-petition loan payments through April 2017, with $5.79 (5 dollars and 79 cents)  held by Movant in suspense on said date.

2.       Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due May 28, 2017 in the amount of $289.47.

3.       In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall thereupon enter an Order granting the Movant immediate relief from the automatic stay, waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive.

4.       The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein .

5.       If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6.       If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

8.    The parties agree that a facsimile signature on this document shall be considered an original signature.

Date:    May 5, 2017                    By:    /s/ Matteo S. Weiner, Esquire
                                               Matteo S. Weiner, Esquire
                                               KML Law Group, P.C.
                                               701 Market Street, Suite 5000
                                               Philadelphia, PA 19106-1532
                                               (215) 627-1322; FAX (215) 627-7734
                                               Attorneys for Debtor

Date:    5/9/17

                                               Brad J. Sadek, Esquire
                                               Attorney for Debtor

Approved by the Court this **31st** day of _____**May**_____, 2017.  However, the court retains discretion regarding entry of any further order.

                                               _____
                                               Bankruptcy Judge
                                               Stephen Raslavich

NBS Toyota Motor Credit Corporation